IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

ANTON REED SR.

Criminal No. 2:25-cr **FILED**

[UNDER SEAL]

NOV 18 2025

CLERK U.S. DISTRICT COURT
WEST DIST OF PENNSYLVANIA

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, First Assistant United States Attorney for the Western District of Pennsylvania, by delegation, and Rebecca L. Silinski, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

## I. THE INDICTMENT

A federal grand jury returned a two-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| One | Production of Material Depicting the Sexual Exploitation of a Minor<br><br>On or about July 8, 2022 | 18 U.S.C. § 2251(a) |
| Two | Possession of Material Depicting the Sexual Exploitation of a Minor<br><br>From on or about December 10, 2022, and continuing until on or about September 8, 2025 | 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2) |

## II. ELEMENTS OF THE OFFENSES

**A.    As to Count 1:**

In order for the crime of Production of Material Depicting the Sexual Exploitation of a Minor, in violation of 18 U.S.C. § 2251(a), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    That the defendant employed, used, persuaded, induced, enticed, or coerced a minor to engage in sexually explicit conduct as those terms are defined in 18 U.S.C. § 2256.

2.    That the defendant intended that the minor engage in sexually explicit conduct.

3.    That the purpose for using, persuading, inducing, or enticing the minor to engage in such conduct was to produce a visual depiction(s) of such conduct.

4.    That the defendant knew or had reason to know that such visual depiction would be transported or transmitted using any means or facility of interstate or foreign commerce or in and affecting interstate or foreign commerce, or mailed, or that such visual depiction was produced or transmitted using materials that were mailed, shipped, or transported in and affecting interstate or foreign commerce by any means, including by computer or the Internet, or that the visual depiction was transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or mailed.

**B.    As to Count 2:**

In order for the crime of Possession of Material Depicting the Sexual Exploitation of a Minor, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

2

1.    That the defendant knowingly possessed one or more items which contained a visual depiction of a minor engaging in sexually explicit conduct.

2.    That the item which contained the visual depiction had been mailed, transported or shipped in interstate or foreign commerce, or had been produced using materials which had been mailed, transported, or shipped in interstate or foreign commerce.

3.    That the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in 18 U.S.C. § 2256.

4.    That the image(s) involved a prepubescent minor or minor who had not attained 12 years of age.

## III. PENALTIES

**A.    As to Count 1: Production of Material Depicting the Sexual Exploitation of a Minor (18 U.S.C. § 2251(a)):**

1.    Imprisonment of not less than fifteen (15) years, nor more than thirty (30) years, but if such person has a prior conviction under Title 18, United States Code, Chapter 110, Section 1591, Chapter 71, Chapter 109A, Chapter 117, or under Section 920 of Title 10, or under the laws of any state relating to the sexual exploitation of children, such person shall be imprisoned for not less than twenty-five (25) years, nor more than fifty (50) years, but if such person has two such prior convictions, such person shall be imprisoned not less than thirty-five (35) years, nor more than life (18 U.S.C. § 2251(d)).

2.    A fine of $250,000.00 (18 U.S.C. § 3571(b)(3)).

3.    Supervised release for any term of years not less than five (5), and up to life (18 U.S.C. § 3583(k)).

4.    Any or all of the above.

3

**B.    As to Count 2:    Possession of Material Depicting the Sexual Exploitation of a Minor (18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2)):**

1.    Imprisonment of not more than ten (10) years, but if any image of child pornography involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, the defendant shall be fined under this title and imprisoned for not more than 20 years, or if the defendant has a prior conviction (Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117 or under Section 920 of Title 10) or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned not less than ten (10) years nor more than twenty (20) years.

2.    A fine of $250,000.00 (18 U.S.C. § 3571(b)(3)).

3.    A term of supervised release of at least five (5) years, and up to life (18 U.S.C. § 3583(k)).

4.    Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

With respect to Count One of the Indictment, pursuant to 18 U.S.C. § 2259A(a)(3), an additional special assessment of not more than $50,000 shall be imposed as the offense was committed after December 7, 2018, and involved the production of child pornography in violation of 18 U.S.C. § 2251(a).

4

With respect to Count Two of the Indictment, pursuant to 18 U.S.C. § 2259A(a)(1), an additional special assessment of not more than $17,000 shall be imposed as the offense was committed after December 7, 2018, and was a violation of 18 U.S.C. § 2252(a)(4).

## V. <u>RESTITUTION</u>

Restitution may be required in this case as to Counts One and Two, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663A and 3664.

As to Count Two, pursuant to 18 U.S.C. § 2259(b)(2)(B), the amount of restitution per victim shall not be less than $3,000.00.

## VI. <u>FORFEITURE</u>

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

TROY RIVETTI
First Assistant United States Attorney

*/s/ Rebecca L. Silinski*
REBECCA L. SILINSKI
Assistant United States Attorney
PA ID No. 320774